**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**School Board of Independent School District No. 11, Anoka-Hennepin,**

**Plaintiff,**

**v.**

**Sarah Pachl, a minor, by and through her parents and legal guardians, Kevin and Suzanne Pachl,**

**Defendants.**

**Civil No. 01-342 (PAM/SRN)**

**ORDER**

---

Nancy E. Blumstein, Esq., and Holly Lindquist Thomas, Esq., on behalf of Plaintiff.

Sonja D. Kerr, Esq., on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on October 10, 2001, on Defendants' Motion to Supplement the Administrative Record (Doc. No. 8).

This Order addresses that Motion.

## I. DEFENDANTS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

### A. <u>Factual Background.</u>

The Individuals with Disabilities Act (IDEA) provides federal funds to assist states in educating disabled children. In order to receive this funding, however, states must provide a free appropriate public education (FAPE) to all disabled students. 20 U.S.C. § 1412. Moreover, the

FILED NOV 27 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

IDEA provides that at the beginning of each school year, each educational agency involved must have an individual education program (IEP) in effect for each child with a disability in its jurisdiction. 20 U.S.C. § 1414(d)(2)(A).

Defendant Sarah Pachl is a ten year old public school student with developmental disabilities. Sarah Pachl uses assistive technology equipment[1], specifically a device known as the TechSpeak, to augment her verbal communication. Defendants initially alleged that Plaintiff had unduly delayed evaluating Sarah Pachl for assistive technology, and on April 3, 2000, Defendants requested a local due process hearing pursuant to 20 U.S.C. § 1415(f), and Minn. Stat. § 125A.09. The issues for the hearing were: (1) whether Plaintiff unduly delayed evaluating Sarah Pachl for assistive technology, and (2) whether Sarah Pachl was consequently entitled to compensatory education in the area of speech. A hearing was held before Independent Hearing Officer (IHO) Karim El-Ghazzawy, from July 28, 2000 through August 17, 2000. During this hearing, the IHO urged Plaintiff to hold an IEP meeting regarding the need to incorporate the TechSpeak into Sarah's IEP.

On August 17, 2000, an IEP team met and adopted the Pachl's request to incorporate the TechSpeak into Sarah's IEP. Because this meeting did not occur until after the due process hearing had ended, however, the IEP team's determination was never made known to the IHO.

On September 25, 2000, the IHO issued Findings of Fact, Conclusions of Law, and a Decision in favor of Plaintiff on the issue of whether it unduly delayed evaluating Sarah Pachl for assistive technology prior to a February 24, 2000 assessment planning meeting, and in favor

---

[1]The IDEA provides that students with disabilities may need assistive technology, and requires IEP teams to determine whether a child requires particular assistive technology devices and services. 20 U.S.C. §§ 1401(2), and 1414(d)(3)(B)(v).

of Defendants on the issue of whether Sarah Pachl was denied FAPE after February 24, 2000, and was entitled to compensatory education in the area of speech.

Both parties partially appealed the IHO's decision, and the Minnesota Department of Children, Families, and Learning (MDCFL) appointed Hearing Review Officer (HRO) Gregory Wright to review the matter. Defendants requested a *de novo* hearing in order to incorporate the IEP team's findings into the record. Although he was procedurally permitted to incorporate this information, the HRO declined to do so. On January 26, 2001, the HRO issued Findings of Fact, Conclusions of Law, and a Decision for Defendants on both issues. Plaintiff then appealed the HRO's decision. The issues currently on appeal are: (1) whether Plaintiff improperly delayed Sarah Pachl's assistive technology assessment, and (2) whether Plaintiff denied Sarah Pachl FAPE between summer 1999 and the end of the 2000 school year.

Defendants now move the Court to permit them to supplement the administrative record with evidence from Sarah Pachl's August 17, 2000 IEP team meeting.

**B. <u>Discussion.</u>**

After exhausting administrative remedies pursuant to the IDEA, an aggrieved party may seek review in federal court. The IDEA makes the following provisions with regard to appeal:

> In any action brought under this paragraph, the court-
>
> (i) shall receive the records of the administrative proceedings;
> (ii) shall hear additional evidence at the requests of a party; and
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2)(B).

"Although the IDEA permits a court reviewing the administrative process to admit additional evidence, 'a party seeking to introduce additional evidence at the district court level must provide some solid justification for doing so.'" E.S. v. Independent Sch. Dist. No. 196, 135 F.3d 566, 569 (8th Cir. 1998) quoting Independent Sch. Dist. No. 283 v. S.D., 88 F.3d 556, 560 (8th Cir. 1996). This burden exists, "[b]ecause the reviewing court must give due weight to the administrative proceedings." Id. citing Roland M. v. Concord Sch. Comm., 910 F.2d 983, 996 (1st Cir. 1990), cert. denied, 499 U.S. 912 (1991).

> A trial court must make an independent ruling based on the preponderance of the evidence, but the Act contemplates that the source of the evidence generally will be the administrative hearing record, with some supplementation at trial. The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however is the record of the administrative proceeding.

Town of Burlington v. Department of Educ., 736 F.2d 773, 790 (1st Cir. 1984).

Defendants maintain that it is necessary to supplement the record with the IEP team's findings in order for the Court to adequately review the IHO and HRO's decisions. They explain that the primary issue in the two administrative hearings, and also for the Court on appeal, is whether the TechSpeak was necessary to provide Sarah Pachl with FAPE. The IEP team, Defendants maintain, found that the TechSpeak was so necessary. Defendants state that under Burlington, an improper exclusion of evidence by the administrative agency will justify a court

supplementing the administrative record on review. Defendants then assert that in the present case it was improper for the HRO to refuse to accept into evidence the IEP team's finding that Sarah Pachl needed the TechSpeak. Because the IEP team is the legally functioning body responsible for determining a student's assistive technology needs, according to Defendants, it was the appropriate entity for determining whether the TechSpeak was necessary to provide FAPE. Consequently, the HRO should have included the IEP team's findings, and the Court will not be able to adequately review the HRO decision without them.

Defendants explain further, that Sarah Pachl's teacher testified at the Due Process hearing that children with Aicardi Syndrome and Dandy Walker Syndrome, the developmental disabilities Sarah Pachl suffers from, rarely develop expressive language skills, and Sarah Pachl's condition had not significantly changed during the time between when she was initially provided with the TechSpeak, and the time of the hearing. In addition, the HRO found that Sarah Pachl had not achieved any of her IEP short-term goals without the TechSpeak. And finally, both the IHO and HRO found that Sarah Pachl was bereft of the ability to communicate. Defendants argue from the fact that Sarah Pachl's assistive technology needs had not changed over time, that the IEP team's determination is clearly relevant to the question of whether the TechSpeak was necessary for FAPE at an earlier date, and whether Plaintiff unduly delayed in making that determination and providing the TechSpeak to her. Accordingly, Defendants conclude that the Court should supplement the record with the IEP team's findings.

As a final point, Defendants assert that the decision in this case will affect Sarah Pachl in the future, because subsequent IEP teams will be provided with a copy of the Court's decision, and it could be used as a basis for determining whether she continues to be entitled to the

TechSpeak. Consequently, Defendants stress that the Court should supplement the record with the IEP team's findings, in order to make an informed ruling.

Plaintiff responds that Defendants have failed to demonstrate that there is solid justification for supplementing the record, and therefore, the Court should deny the motion. Plaintiff explains that the issue on appeal is whether the IHO and HRO applied the correct legal standard to the evidence that was before them. Specifically, Plaintiff argues on appeal that the hearing officers never determined whether the TechSpeak was actually necessary to provide Sarah Pachl with FAPE, and instead only considered whether the TechSpeak provided Sarah Pachl with some educational benefit. Consequently, supplementing the record, Plaintiff contends, will not aid the Court in reviewing the hearing officers' decisions, because it will not advance the issue of the correct legal standard. Moreover, unless the Court limits itself to reviewing the evidence that the IHO and HRO considered, Plaintiff contends that the issues for consideration will continue to expand with no clear end. Therefore, Plaintiff contends that the Court should limit itself to the record already compiled in the previous two hearings.

In addition, Plaintiff states that it has agreed to continue to provide Sarah Pachl with the TechSpeak, regardless of the outcome of the present case. Therefore, Plaintiff maintains that there is no danger to Sarah Pachl if the Court does not consider the IEP team's decision. Finally, Plaintiff emphasizes that it originally agreed to provide Sarah Pachl with the TechSpeak as a conciliatory act, without requiring a showing that it was necessary for FAPE. Plaintiff states that the Court would be using Plaintiff's good-will gesture against it, if the Court considered Plaintiff's voluntary supplying of the TechSpeak as suggesting that it was necessary for FAPE.

In short, Plaintiff states that the issue for the Court is whether the hearing officers decided

correctly, given the evidence that was submitted to them at the time. Therefore, there is no justification for supplementing the record, and Defendants' motion should be denied.

The Court grants Defendants' motion. There is no indication that Sarah Pachl's needs have changed at any point from when she first received the TechSpeak until the present time. Therefore, the IEP team's determination would be important for this Court to consider, when determining whether the TechSpeak was already necessary in 1999 to provide Sarah Pachl with FAPE. The Court acknowledges Plaintiff's point that its appeal concerns the question of whether the hearing officers applied the correct standard. Nevertheless, if the Court were to find that the TechSpeak was necessary to provide Sarah Pachl with FAPE, then even if the Court also determined that the hearing officers applied the incorrect standard, it would be unnecessary to reverse the decision. It would be more efficient at this point for the Court to supplement the record with the IEP team's conclusion and determine whether a reversal is necessary at all, rather than simply remanding the case if the Court finds that the hearing officers applied the incorrect legal standard. Hence, under the Burlington analysis, the IEP team's findings could be considered, "relevant events occurring subsequent to the administrative hearing," because the findings clearly aid in reviewing the IHO's decision. In addition, the HRO's refusal to consider the IEP team's findings could also be considered "an improper exclusion of evidence by the administrative agency," because without them, the HRO lacked necessary information for determining whether the TechSpeak had been necessary for FAPE. Under either of these rationales, it is reasonable for the Court now to consider the IEP team's findings, in order to more accurately review the hearing officers' decisions, and render an appropriate judgment.

The Court also acknowledges Plaintiff's argument that the IEP team's recommendation

of the TechSpeak does not necessarily imply that the team found the TechSpeak was actually necessary to provide FAPE. Rather, the IEP team may have recommended it simply because it provided Sarah Pachl with some educational benefit. If that is the case, then the IEP team's recommendation would not necessarily indicate that Plaintiff had failed to provide Sarah Pachl with FAPE before she was given the TechSpeak. As a result, the Court directs both parties to supply any written evidence that was compiled contemporaneously with the IEP team's recommendation and was considered by it. This evidence may aid in determining the basis for the IEP team's determination, and as such, also should reasonably be made part of the record.

**THEREFORE, IT IS HEREBY ORDERED that:**

Defendants' Motion to Supplement the Administrative Record (Doc. No. 8) is **GRANTED** consistent with this Order.

Dated: November 26, 2001

SUSAN RICHARD NELSON
United States Magistrate Judge