**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**School Board of Independent School District No. 11, Anoka-Hennepin,**

**Plaintiff,**

v.

**Sarah Pachl, a minor, by and through her parents and legal guardians, Kevin and Suzanne Pachl,**

**Defendants.**

**Civil No. 01-342 (PAM/SRN)**

**ORDER**

---

Nancy E. Blumstein, Esq., on behalf of Plaintiff.

Sonja D. Kerr, Esq., on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on August 26, 2002, on Defendants' Motion on Petition for Attorneys' Fees (Doc. No. 49).

This Order addresses that Motion.

## I. PETITION FOR ATTORNEYS' FEES

### A. Background.

The Individuals with Disabilities Act (IDEA) provides federal funds to assist states in educating disabled children. In order to receive this funding, however, states must provide a free appropriate public education (FAPE) to all disabled students. 20 U.S.C. § 1412. Moreover, the IDEA provides that at the beginning of each school year, each educational agency involved must

DEC 24 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD DEC 24 2002
DEPUTY CLERK

have an individual education program (IEP) in effect for each child with a disability in its jurisdiction. 20 U.S.C. § 1414(d)(2)(A).

Defendant Sarah Pachl is a public school student with developmental disabilities. Sarah uses assistive technology equipment[1], specifically a device known as the TechSpeak, to augment her verbal communication. Defendants initially alleged that Plaintiff had unduly delayed evaluating Sarah for assistive technology, and on April 3, 2000, Defendants requested a local due process hearing pursuant to 20 U.S.C. § 1415(f), and Minn. Stat. § 125A.09. A hearing was held before Independent Hearing Officer (IHO) Karim El-Ghazzawy, from July 28, 2000 through August 17, 2000.

On September 25, 2000, the IHO issued Findings of Fact, Conclusions of Law, and a Decision in favor of Plaintiff on the issue of whether it unduly delayed evaluating Sarah for assistive technology prior to a February 24, 2000 assessment planning meeting, and in favor of Defendants on the issue of whether Sarah was denied FAPE after February 24, 2000, and was entitled to compensatory education in the area of speech.

Both parties partially appealed the IHO's decision, and the Minnesota Department of Children, Families, and Learning appointed Hearing Review Officer (HRO) Gregory Wright to review the matter. On January 26, 2001, the HRO issued Findings of Fact, Conclusions of Law, and a Decision for Defendants on both issues. Plaintiff then appealed the HRO's decision to federal district court. On May 10, 2002, the Court entered judgment granting Defendants' motion for summary judgment and denying Plaintiff's motion for summary judgment.

---

[1]The IDEA provides that students with disabilities may need assistive technology, and requires IEP teams to determine whether a child requires particular assistive technology devices and services. 20 U.S.C. §§ 1401(2), and 1414(d)(3)(B)(v).

Defendants now bring the present petition for fees.[2]

**B. Discussion.**

The IDEA states that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). Any fees awarded shall be "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded under this section." 20 U.S.C. § 1415(i)(3)(C). In addition, the IDEA includes the following potential limitations on attorneys' fees.

> **(D) Prohibition of attorneys' fees and related costs for certain services**
>
> **(i)** Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if–
>
> **(I)** the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
>
> **(II)** the offer is not accepted within 10 days; and
>
> **(III)** the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.
>
> **(ii)** Attorneys' fees may not be awarded relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action, or, at the discretion of

[2]A more complete factual background, as well as a discussion of the Court's jurisdiction to review the HRO's decision are contained in the Court's May 10, 2002 Order.

the State, for a mediation described in subsection (e) of this section that is conducted prior to the filing of a complaint under subsection (b)(6) or (k) of this section.

**(E) Exception to prohibition on attorneys' fees and related costs**

Notwithstanding subparagraph (D), an award of attorneys' fees and related costs may be made to a parent who is the prevailing party and who was substantially justified in rejecting the settlement offer.

**(F) Reduction in amount of attorneys' fees**

Except as provided in subparagraph (G), whenever the court finds that--

**(i)** the parent, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy;

**(ii)** the amount of the attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience;

**(iii)** the time spent and legal services furnished were excessive considering the nature of the action or proceeding; or

**(iv)** the attorney representing the parent did not provide to the school district the appropriate information in the due process complaint in accordance with subsection (b)(7) of this section; the court shall reduce, accordingly, the amount of the attorneys' fees awarded under this section.

**(G) Exception to reduction in amount of attorneys' fees**

The provisions of subparagraph (F) shall not apply in any action or proceeding if the court finds that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding or there was a violation of this section.

20 U.S.C. § 1415(i)(3).

"[A]ttorney's fees should ordinarily be awarded to the prevailing party unless 'special circumstances' exist to make the award unjust." Borengasser v. Arkansas State Bd. of Educ., 996 F.2d 196, 199 (8th Cir. 1993). Prevailing parties may also recover fees and related costs incurred during administrative proceedings. See Johnson v. Bismark Public Sch. Dist., 949 F.2d 1000, 1003 (8th Cir. 1991). "A prevailing party is defined as a party who succeeds 'on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit.' *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (quotation omitted)." Ryther v. Kare 11, 864 F. Supp. 1525, 1532 (D. Minn. 1994). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." Texas State Teachers' Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93 (1989). "If a plaintiff achieves only partial or limited success, an attorneys' fee award based on the hours expended on the litigation as a whole is excessive, *see Farrar*, 506 U.S. at 114, 113 S.Ct. 566, and a reduction in attorneys' fees would be appropriate."

T. D. v. La Grange Sch. Dist No. 102, 222 F. Supp.2d 1062, 1065-66 (N.D. Ill. 2002)

The prevailing party "carries the burden of establishing entitlement to an award and documenting the appropriate hours expended and the hourly rates." Ryther, 864 F. Supp. at 1532.

> The court starts with the lodestar which is the number of hours reasonable expended on the litigation multiplied by a reasonable hourly rate. Fees generally my not be awarded for work on unsuccessful claims as such services cannot be deemed to have been expended in pursuit of the ultimate result achieved. The results obtained and the degree of success are critical to the determination of a reasonable fee. Thus, an award of attorneys' fees is generally measured by the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably

expended on the litigation.

Id. (citations omitted).

### C. The Court's Order.

#### 1. Prevailing Party.

In the present case, the Court finds that Defendants were the prevailing party. After the Due Process hearing, the IHO determined Sarah had been denied FAPE. In addition, because he determined that the District unduly delayed in proceeding with the assistive technology assessment, the IHO awarded compensatory education in the area of speech for one hour per week from April 10, 2000 until the date she was provided with the augmentative device. After both parties appealed this decision, the HRO also determined that Sarah had been denied FAPE. Further, he extended the compensatory education award to include one hour for each week from June 11, 1999 until the decision was implemented. Therefore, the Pachls clearly succeeded on significant issues which achieved the benefits they sought in bringing suit. As a result, they qualify as a prevailing party. See Hensley, 461 U.S. at 433.

The District did offer to provide an independent educational evaluation of Sarah on May 26, 2000. This act could be construed as a settlement offer, but it still does not prevent an award of attorneys fees. Although the IDEA prohibits awarding attorneys fees for services performed subsequent to the time of a written offer of settlement, this situation requires that the court find "the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." 20 U.S.C. § 1415(i)(3)(D). In the present case, the IHO's findings were significantly more favorable to the Pachls than the offer. In addition to finding that Sarah was entitled to an assistive technology assessment, which is what was offered, the IHO also

determined that the District had unduly delayed in performing an assessment, and, consequently, Sarah should be compensated for this delay with additional education. After the decision was appealed, this compensatory education award was enlarged.

Moreover, 20 U.S.C. § 1415(i)(3)(E) states that an award of fees and costs may also be given to a parent "who was substantially justified in rejecting the settlement offer." By the time the District made its offer, over a year had passed since the Pachl's original April 29, 1999 request for an assistive technology evaluation. As discussed more fully in the Court's May 10, 2002 Order, during this time the District repeatedly announced that it intended to perform the requested evaluation, but the evaluation was never actually performed. Under this situation, the Court also concludes that the Pachls were substantially justified in refusing to withdraw their request for a due process hearing. As a result, it is appropriate to award fees to the Pachls for services performed subsequent to the District offering to perform an independent evaluation.

**2. Reimbursable Fees and Costs.**

The Pachls seek $44,839.73 in attorneys fees and costs, $300.00 in contribution of fees from the parents, $3,929.60 in parental costs, and $201.60 in reimbursement to an insurer[3] for costs of an evaluation for Sarah Pachl. The $44,389.73 figure is based on the Pachls' attorney, Sonja Kerr, contributing 287 billable hours at a rate of $150.00 per hour, thus totaling $43,127.21, plus $1,712.52 in incurred costs. The $3,929.60 in parental costs includes: (1) $1,233.75 as costs for the work and testimony of Maggie Lesher, Occupational Therapist/Special Education Teacher; (2) $1,000.00 paid to Courage Center for the testimony and travel costs of

[3]Kevin Pachl states in his affidavit that the $201.60 payment from BlueCross BlueShield affects Sarah Pachl's lifetime benefit cap.

expert Ann Marie Bailey, Speech and Language Clinician; (3) $1,639.66 paid to Children's Care Hospital and School (CCHS), and travel costs for the testimony of expert Tanya Polkinghorn, Speech and Language Clinician; and (4) $56.18 paid to Bernard's Duplicating for duplicating micro cassettes of IEP meetings. The sum of these four figures, however, is actually $3,929.59. The Court's Order will reflect this corrected sum.

After reviewing the affidavits, the Court finds Kerr's rate of $150.00 per hour to be reasonable, and further finds the 287 billable hours to be a reasonable amount of time expended on the present case. Kerr's billing records begin on March 20, 2000, with the drafting of a letter to the school concerning the Pachl's request for assistive technology for Sarah, and run through a June 9, 2002 review of the present fees affidavit. The Court finds nothing in these records indicating that Kerr spent an unreasonably long amount of time on any of the tasks involved in this case.

With respect to the parental costs, these include costs for expert witnesses. The Eighth Circuit has provided the following pertinent discussion of expert witness fees:

> The traditional rule under 28 U.S.C. § 1821 has been to limit recovery for expert witness fees to the statutory allowances for attendance, mileage, and subsistence. *E.g., Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir.1983); *Kivi v. Nationwide Mutual Insurance Co.*, 695 F.2d 1285, 1289 (11th Cir.1983). This Court has awarded expert witness fees, however, under Fed.R.Civ.P. 54(d) if, after carefully scrutinizing the prevailing party's bill of costs, the district court determines that the expert's testimony was crucial to the issues decided and the expenditures were necessary to the litigation. *Hiegel v. Hill*, 771 F.2d 358, 360 (8th Cir.1985); *Nemmers v. City of Dubuque*, 764 F.2d 502, 506 (8th Cir.1985); Coleman v. City of Omaha, 714 F.2d 804, 809 (8th Cir.1983).

Nebraska Public Power District v. Austin Power, Inc., 773 F.2d 960, 975 (8th Cir. 1995).

In the present case, the Court finds some, but not all, of the expert testimony and expenditures were crucial to the issues decided in the litigation. Plaintiff actually agreed to have Bailey perform the independent evaluation of Sarah Pachl, and after the August 17, 2000 IEP team meeting, the District adopted the Courage Center's recommendation to incorporate the TechSpeak.

Polkinghorn testified at the Due Process Hearing after reviewing the District's previous evaluation of Sarah Pachl. She explained that the evaluation consisted of observations of Sarah's abilities at the time, but did not evaluate her potential use of any device or any augmentative system. She also explained that a thorough assessment of a child in the area of augmentative communication can be performed in two to four hours.

The IHO repeatedly referred to Polkinghorn's testimony in his decision, when discussing Sarah's potential increased communication, flaws in the District's own assessment of Sarah, and his ultimate determination that Sarah had been denied FAPE. The IHO also rejected the District's argument that it would require over 30 days to test different assistive technology devices for Sarah, after observing that the Courage Center and CCHS, "were able to determine in a few hours that some of the devices could indeed benefit the Student." Therefore, under Nebraska Public Power District, the Court finds the Pachls are entitled to reimbursement for the cost of these expert witnesses.

There is no similar reference to Lesher's testimony, however. And the Court finds no basis for concluding that her testimony was crucial to the issues decided in the litigation. Therefore, under 28 U.S.C. § 1821, the Pachls are entitled to reimbursement at the standard rate for witnesses of $40 per day for Lesher, rather than the $1,233.75 they request. Consequently,

the Pachls are entitled to $2,735.84 in parental costs rather than $3,929.59.

When the appropriate subtractions are made, the Court concludes that Defendants are entitled to an award of $48,077.17 in attorneys fees and costs.

**THEREFORE, IT IS HEREBY ORDERED that:**

Defendants' Motion on Petition for Attorneys' Fees (Doc. No. 49) is **GRANTED IN PART AND DENIED IN PART**. The Clerk of Court is directed to enter Judgement in favor of Defendants in the amount of $48,077.17.

Dated: December 23, 2002

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.